## L. T. DICKASON COAL COMPANY v. UNVERFERTH, ADMINISTRATRIX.

[No. 4,358.    Filed March 11, 1903.]

DEATH BY WRONGFUL ACT.—*Miners.*—*Theory of Complaint*—A complaint for damages for the death of plaintiff's decedent while working in a mine, although bad under the miner's act because the action was brought by an administratrix instead of widow and children, and because of its failure to allege that ten or more men worked in the mine, is sufficient under the general statute (§285 Burns 1901), where it averred negligence on the part of defendant resulting in the death of decedent, the freedom from negligence of decedent, and that he did not assume the risk incurred. *pp. 546, 547.* ·

MASTER AND SERVANT.—*Assumption of Risk.*—*Mines and Minerals.*— Decedent, an experienced miner, was killed by a ledge of slate falling upon him while loading coal in a mine. He was assigned to the particular part of the mine at the demand of a committee of miners representing decedent and his fellow miners. The ledge of slate was examined in his presence by his helper, an experienced miner, by the best and most practical means, and, as a result of such examination, deemed safe. *Held,* that the risk was assumed by decedent, and that a recovery could not be had for his death. *pp. 547, 548.*

From Greene Circuit Court; *O. B. Harris,* Judge.

Action by Anna E. Unverferth, administratrix of the estate of William Unverferth, against the L. T. Dickason Coal Company for the death of decedent. From a judgment for plaintiff, defendant appeals. *Reversed.*

*J. S. Bays* and *L. F. Bays,* for appellant. ·

COMSTOCK, J.—The appellee, as administratrix of the estate of William Unverferth, deceased, brought this action against appellant, alleging that appellant negligently caused the death of appellee's decedent. The complaint was in three paragraphs. It appears from its averments that appellee was the widow of the deceased. A general denial was filed to the complaint, and a trial resulted in a verdict and judgment in favor of appellee for $4,500.

The first specification of error challenges the sufficiency, for want of facts to constitute a cause of action, of each paragraph of the complaint. The theory of the complaint, whether under the mining statute or general statute, is not clear, but if good under either theory the demurrers to the several paragraphs were properly overruled. Appellant insists that it is not good under the statute (§7473 Burns 1901, §5480n Horner 1901, §13, Acts 1891, p. 57), because the right of action in the event of the death of a married man is given to the widow, and is not vested in any other than the beneficiaries therein named. *Maule Coal Co.* v. *Partenheimer,* 155 Ind. 100; *Boyd* v. *Brazil Block Coal Co.,* 25 Ind. App. 157.

The right of the personal representative of the deceased to sue is properly raised by the demurrer for want of facts. *Boyd* v. *Brazil Block Coal Co., supra.* The want of an allegation in the complaint that there were ten or more men used in and about such mine is also pointed out as a fatal defect, because the statute in question is only applicable to mines in which at least ten men are employed. These objections are well taken.

The complaint avers negligence on the part of appellant, resulting in the death of appellee's decedent, the freedom from negligence of the decedent, and that he did not assume the risk incurred, and is good under the general statute, §285 Burns 1901.

The answers to interrogatories are not in such irreconcilable conflict as to overthrow the general verdict. It remains only to pass upon the sufficiency of the evidence to sustain the general verdict.

Appellee has filed no brief, and no argument is therefore offered in support of the rulings of the trial court. There is no conflict in the evidence. No evidence was introduced by appellant. The decedent was an adult, a miner of experience, engaged in the work of loading coal from under the ledge that fell, and was not injured while passing through the entries or down the shaft of the mine. He

was not transferred from one kind of work to another, but continued in the same line of work in which he had been employed. He was assigned to the particular part of the mine at the demand of a committee of miners representing the decedent and his fellow miners, on whose demand appellant's work in loading the coal was stopped. Decedent was familiar with the conditions under which he worked. The ledge of slate was examined in his presence by his helper, also a capable and experienced miner, by the best and most practicable means, and, as a result of such examination, deemed safe. The decedent and his helper had good eyesight and hearing, and could see and hear what was to be seen and heard significant in the tests made. No agent of the appellant had equal information with the decedent of the condition of the mine. Props were not deemed necessary, and they were not called for. The unfortunate accident was the result of mistaken judgment and the assumption of risk on the part of the decedent. Many pertinent and instructive cases might be cited. Reference is made to the following, which refer to many others. *Island Coal Co.* v. *Greenwood,* 151 Ind. 476; *Island Coal Co.* v. *Sherwood,* 153 Ind. 699; *Vincennes Water Sup. Co.* v. *White,* 124 Ind. 376; *Swanson* v. *City of Lafayette,* 134 Ind. 625; *Diamond Plate Glass Co.* v. *DeHority,* 143 Ind. 381; *Louisville, etc., R. Co.* v. *Kemper,* 147 Ind. 561.

Judgment reversed, with instruction to sustain appellant's motion for a new trial.