(118 App. Div. 463)

AKEN v. BARNET & AUFSESSER KNITTING CO.

(Supreme Court, Appellate Division, Third Department. March 28, 1907.)

1. MASTER AND SERVANT—THE RELATION—STATUTORY PROVISIONS—NATURE OF EMPLOYMENT.

The superintendent of a knitting mill is an employé, within the meaning of Employer's Liability Act, Laws 1902, p. 1748, c. 600, since it does not assume to make any distinction between different classes of employés.

2. SAME—ACTIONS—NEGLIGENCE—QUESTION FOR JURY.

In a personal injury action by a servant, evidence as to the master's negligence in permitting an elevator belt to remain out of order considered, and held sufficient to take the issue to the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1011, 1017.]

3. SAME.

In a personal injury action by a servant, evidence as to the master's acquiescing in and directing the use of a freight elevator by its employés for passenger service considered, and held to raise an issue of fact for the determination of the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1030.]

**4. SAME—ASSUMPTION OF RISK—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.**

Employer's Liability Act, Laws 1902, p. 1750, c. 600, § 3, provides that the question whether the employé understood and assumed the risk of the injury, or was guilty of contributory negligence, by his continuance in the same place and course of employment, shall be one of fact, subject to the usual power of the court to set aside a verdict contrary to the evidence. Plaintiff was going up on an elevator in defendant's knitting mill, when it stopped within a foot of the floor. He tried to manipulate the shifting rod, but failed. When he attempted to step off, the elevator started up, and he was thrown forward and injured. *Held* that, in view of the statute, it could not be said as a matter of law that plaintiff assumed the risk, or was guilty of contributory negligence, by remaining on the elevator to manipulate the shifting rod.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1068–1132.]

Smith, P. J., and Sewell, J., dissenting.

Appeal from Trial Term.

Action by James H. Aken against the Barnet & Aufsesser Knitting Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Daniel C. McElwain, for appellant.

Murray Downes, for respondent.

CHESTER, J. The action is for negligence, and the complaint makes the necessary allegations to bring it under the employer's liability act. Chapter 600, p. 1748, Laws 1902. The plaintiff was employed by the defendant as superintendent of its knitting mill. The respondent urges that, because the plaintiff was the defendant's superintendent, he was the alter ego of the master, and therefore the employer's liability act does not apply. The fact that the plaintiff was a superintendent of the defendant makes him none the less an employé, and that act does not assume to make any distinction between different classes or kinds of employés, but is for the benefit of all employés, of whatever grade.

The plaintiff claims he was injured, while riding upon an elevator, in going from the second to the fourth floor of the mill, by having his right foot caught between the edge of the elevator and the floor of the fourth story. He claims that, when the elevator got near the fourth floor, it stopped about 10 or 12 inches below the floor, and remained there stationary about a minute; that it would not move one way or the other; that he took hold of the shifting rod, and tried to move it up even with the floor, and it would not work; that, after he had tried to move the elevator up and down, he was going to step off, and as he did so it started up, and he was thrown forward, and his foot caught between the floor and the elevator, and he suffered the loss of the great toe of his right foot and other injuries to his foot and ankle. The elevator was an ordinary freight elevator, and was operated by means of what is called a "shifting rod" attached to one of the side beams, so that it could be operated by any one at any of the floors. It could not be operated from the elevator until it ap-

proached the floor going up or coming down, and one had to be on or near the floor before he could get hold of this rod, in order to stop or start the elevator. The friction gear of the elevator was operated by a belt, and the claim of plaintiff is that this belt was "smooth, slack, and rotten," and that the defendant had been notified of its defective condition and promised to remedy it, but had not done so. There was enough evidence on this branch of the case to make the question of the defendant's negligence one for the jury.

It was shown by the defendant that there was posted in the mill, on the elevator, on every floor, a notice of which the following is a copy:

### "Caution.

"Employés are forbidden from riding on this elevator.
"Any one riding on same does so at their own peril. This elevator is for freight only.                     Commercial Knitting Mill Co."

The name signed thereto was that of the prior occupant of the mill. The plaintiff denied in his evidence that the caution sign or notice was posted on the elevator during the time he was employed in the mill, and denied knowledge of such notice. But, whether the notice was posted or not, as claimed by the defendant, there was much evidence that the defendant acquiesced in, and upon occasion directed, the use of the elevator by its employés in going from floor to floor, and that the employés very generally used it for their convenience when not engaged in carrying freight, and that it was so used with the knowledge of the officers of the defendant. This was denied by the defendant, and there was thus raised a clear question of fact for the determination of the jury.

It is also urged on the part of respondent that the complaint was properly dismissed, for the reason that after the elevator came to a stop, when within about a foot of the floor to which the plaintiff was going, he could have stepped from the platform of the elevator to the floor and been in a place of absolute safety, and that he could then have manipulated the shifting rod from that place with safety, and because he chose to stand upon the elevator while doing this he voluntarily assumed the risks incident thereto. There would be great force in this contention, were it not for the employer's liability act, which provides in section 3, that:

"The question whether the employé understood and assumed the risk of such injury, or was guilty of contributory negligence by his continuance in the same place and course of employment with knowledge of the risk of injury shall be one of fact, subject to the usual powers of the court in a proper case to set aside a verdict rendered contrary to the evidence."

We think, therefore, it could not be said as a matter of law that the plaintiff assumed the risk, nor that he was guilty of contributory negligence as a matter of law. Construing, as we must on this appeal, all disputed facts as established in favor of the plaintiff, and drawing the most favorable inferences deducible from the evidence, as we are required to do, we think the case should have been submitted to the jury in the first instance, and its verdict taken, subject to the right

of the court to set it aside if it should be deemed to be against the evidence, or the preponderance thereof.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except SMITH, P. J., and SEWELL, J., who dissent.