# ZELLER, McCLELLAN & CO. *v.* VINARDI.

[No. 6,211. Filed July 1, 1908.]

1. APPEAL.—*Assignments of Errors.—Demurrer to Paragraph.— Subsequent Amendment.*—A demurrer to a paragraph of complaint presents no question on appeal, where such paragraph was subsequently amended. p. 233.

2. SAME.—*Assignments of Errors.—Complaint.—Initial Attack on Appeal.*—A complaint consisting of several paragraphs will be held sufficient, when attacked for the first time on appeal, if one paragraph is good. p. 234.

3. SAME.—*Complaint.—Theory.—Change of, on Appeal*—Where a complaint appeared to be based upon the provisions of the mining law, and the trial proceeded upon such theory, the plaintiff will not be permitted to insist, on appeal, that it was based upon the common law. p. 235.

4. PLEADING.—*Complaint.—Master and Servant.—Statutory Liability.—Intendment.*—A complaint based upon a statutory liability

must allege facts bringing the plaintiff within the statutory terms; and facts omitted from the complaint cannot be supplied by intendment. p. 237.

5. PLEADING. — *Complaint.* — *Master and Servant.* — *Mines.—Servants Employed.*—In an action by a servant against a coal mining company for personal injuries sustained because of the company's violation of the mining act of 1905 (Acts 1905, p. 65, §12, §8580 Burns 1908), the complaint must affirmatively show that ten or more men were employed therein (§8590 Burns 1908, Acts 1905, p. 65, §20). p. 237.

6. SAME.—*Complaint.—Master and Servant.—Mining Act.—Practicability of Propping Roof.*—In an action by a servant against a coal mining company because of injuries sustained by the falling of slate from the roof of a passageway, the complaint must show that it was practicable to prop the roof of such way. p. 237.

7. SAME.—*Complaint.—Defective Roof of Coal Mine.—Notice.*—A complaint by a servant against a coal mining company because of its failure to prop the loose overhanging slate, and plaintiff's injury therefrom, alleging that such defective condition was known to the defendant, sufficiently alleges both actual and constructive knowledge. p. 238.

8. SAME.—*Complaint.—Master and Servant.—Notice of Defects.—Actual.—Constructive.*—An allegation of knowledge of defects, embraces both actual and constructive knowledge. p. 239.

9. SAME.—*Complaint.—Sufficiency.—Aider by Evidence.*—A judgment based upon a defective complaint will be reversed, on appeal, regardless of the question whether the omitted fact was or was not proved on the trial. p. 239.

From Vermillion Circuit Court; *Gould G. Rheuby*, Judge.

Action by Joseph Vinardi against Zeller, McClellan & Co. From a judgment on a verdict for plaintiff for $2,000, defendant appeals. *Reversed.*

*Elmer E. Stevenson* and *Edward H. Knight*, for appellant.

*Samuel D. Puett, John S. McFaddin, B. S. Aikman* and *H. B. Aikman*, for appellee.

MYERS, J.—The appellee brought this action against the appellant to recover damages for a personal injury. A demurrer to each paragraph of the complaint for want of sufficient facts was overruled. Afterward the first paragraph of the complaint was amended, and there was no demurrer to the amended paragraph.

The appellant has assigned as errors the rulings upon demurrer to each paragraph of the complaint. The assignments relating to the demurrer are unavailing as to the first paragraph, it having been amended afterward; but the appellant has also assigned that the appellee's complaint does not state facts sufficient to constitute a cause of action.

The appellant, therefore, has presented by the assignment of errors the questions whether the second paragraph 2. is sufficient on demurrer, and whether both paragraphs are insufficient after verdict.

In the first paragraph it was alleged, in substance, that the appellant was a corporation organized under the laws of this State and engaged in the business of mining and selling coal; that on August 30, 1905, it was the owner and engaged in the operation of a coal mine in the southern part of Parke county, Indiana, known as Superior Mine No. 2; that this mine at that time had an entry leading from the shaft in a northerly direction, known as the main entry north. The complaint also minutely describes the entry ways, their purposes and for what used, and also the air passageways, and further alleges that on August 30, 1905, the appellee was in the employ of the appellant, working for it in one of said air passageways, keeping the same clear and open to the required depth for use in the mine; that while thus engaged in the mine, at a point about twenty-five yards from the entrance to said passageway, and without warning to said appellee, or without any fault or negligence on his part, a large block of loose rock, weighing several tons, fell from the roof of said passageway onto said appellee, and injured him (describing his injuries). It is also shown that the roof in the passageway at the point where the rock fell was improperly braced, and that appellant had carelessly and negligently failed to brace the same, stating wherein such failure occurred, and that by reason of such failure to brace said roof said rock fell. Damages are alleged.

It is pointed out by both parties that the second para-

graph differs from the first only in that, instead of alleging, as in the first paragraph, that the injury occurred at a place where the appellee was at work, it was stated that in going to and from his work at the face of the coal in said air passageway, wherein he was working, it was the usual and proper way, and the only way, to pass along said passageway from the face of the coal to the main air passageway, and thence to the shaft of the mine; that on said day, while passing along said passageway in the performance of his duties for appellant in said mine, when at a point in said way about twenty-five yards from the main entrance to such air course, without notice or warning, and without any fault or negligence on appellee's part, a large block of loose slate fell from the roof of said passageway, etc.

It appears to have been the intention to proceed under the act of 1905 (Acts 1905, p. 65), which purports by its title, as well as by its provisions, to be "an act to 3. revise the laws in relation to coal mines," etc. By the last section of the act all laws or parts of laws conflicting with the provisions of this act are repealed.

In section eleven of said act (§8579 Burns 1908) it is provided: "The operator shall employ a competent mine boss, who shall be an experienced coal miner, and shall keep careful watch over the ventilating apparatus and the airways, and shall see that, as the miners advance their excavations, all loose coal, slate and rock overhead are taken down or carefully secured against falling therein on the traveling and airways," etc.

In section twelve (§8580 Burns 1908) it is provided: "The mine boss shall visit and examine every working place in the mine, at least every alternate day while the miners of such places are, or should be, at work, and shall examine and see that each and every working place is properly secured by timbering and that the safety of the mine is assured. He shall see that a sufficient supply of timbers are always on hand at the miners' working place. He shall also

see that all loose coal, slate and rock overhead wherein miners have to travel to and from their work, are taken down or carefully secured,'' etc.

It is contended that each paragraph of the complaint is insufficient, whether regarded as a complaint under this act or considered as a complaint at common law. Upon the trial, the cause was treated by the court and by counsel as an action under the statute; and the appellee cannot be heard to claim that his pleading was sufficient upon a theory wholly different from that upon which his judgment was recovered. In instructions to the jury asked by appellee, to which the appellant excepted, and which were assigned by appellant as reasons for a new trial, the overruling of which is assigned as error, express reference to the statute was made. The case was submitted to the jury as one arising under the statute.

''Where a pleading is susceptible of being construed upon various consistent theories, or the predominating theory is dubious or uncertain, the theory adopted by the trial court, and upon which the cause proceeded and was tried, should be followed by this court.'' *Cleveland, etc., R. Co.* v. *DeBolt* (1894), 10 Ind. App. 174, 176.

Where it appears, upon an examination of the record, that the trial court, in its instructions and in its rulings throughout the trial, treated the complaint as based upon a statute, instead of a cause of action at common law, the theory upon which the cause proceeded in the trial court will be the theory upon which the action is to be tested on appeal. The theory upon which the case was tried must control here. *Louisville, etc., R. Co.* v. *Hughes* (1891), 2 Ind. App. 68; *Diggs* v. *Way* (1899), 22 Ind. App. 617; *Holliday* v. *Perry* (1906), 38 Ind. App. 588; *Carmel Nat. Gas, etc., Co.* v. *Small* (1898), 150 Ind. 427; *Oölitic Stone Co.* v. *Ridge* (1908), 169 Ind. 639.

Turning to the several alleged defects urged upon our attention by the appellant, it is first contended that the com-

plaint does not state a cause of action under the statute, because of the failure to allege that ten or more men were employed in appellant's mine.

It is now well settled that a complaint in a statutory action must bring the case within the requirements of the statute, and any omission in this respect cannot be 4. supplied by intendment. *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290, and cases cited; *Lagler* v. *Bye* (1908), *post*, 592.

In section twenty of the act of 1905, *supra* (§8590 Burns 1908) is the following: "The provisions of this law shall apply to all mines except to mines employing less 5. than ten men." In *Dickason Coal Co.* v. *Unverferth* (1903), 30 Ind. App. 546, it was held that the want of such an allegation in a complaint rendered it insufficient as a complaint under the law then in force. The provision of §7482 Burns 1901, Acts 1893, p. 162, upon which that decision was based, was as follows: "that the provisions of this act shall apply to all coal mines in this State, except to coal mines employing less than ten men." It is sufficiently manifest that it was intended in this revision in 1905 of "the laws in relation to coal mines," etc., to incorporate in section twenty the substance of §7482 Burns 1901, and by reënacting it to indicate that the mines to which the entire revision applies are all mines except those employing fewer than ten men. The omitted fact rendered the complaint insufficient as a pleading under the statute.

It is claimed, also, that the complaint was bad for failure to allege that it was practicable to do or to supply the things omitted without undue interference with the working 6. of the mine. The ground upon which such an averment was said to be essential in *Laporte Carriage Co.* v. *Sullender, supra,* was there stated as follows: "The burden of showing these facts in the pleading rested on appellee, and the fact, if it is a fact, that the machine or appliance in question is of such a character that it cannot be properly

guarded, cannot be said to be a matter of defense to be proved by appellant; for, as previously said, a party who relies upon a statute must bring himself fully and clearly within all its provisions. The act is highly penal, and a violation thereof subjects the offender to the punishment therein provided. In charging a case of neglect to comply with its provisions, intendments or inferences cannot be resorted to to supply the omission of material facts.''

. In the act of 1905, *supra,* involved in the case at bar, besides the provisions for special penalties in various sections, a general provision is made by section twenty-eight (§8598 Burns 1908) for all other violations, for which fines and imprisonment may be inflicted. It may be true, as suggested in this case, that there would ordinarily be greater probability of interference with the carrying on of the business of the mine by providing supports for the roof in places where the miners are actually engaged at work than in the entries and air passageways through which they merely pass in going to and from their work at the face of the coal, but if we are to indulge no inferences in aid of the pleading, and are to require a statement of every fact needed to bring the particular case within the statute, we can find no sufficient reason for distinguishing between a case of injury from unguarded machinery in a factory and a case of injury in a passageway in a mine for noncompliance with a statute. In either case the fact should be made to appear by direct averment, or by a showing of facts to the same effect.

It is further contended that each paragraph of the complaint is insufficient because it is not alleged that the defect and danger existed so long that the appellant, in 7. the exercise of reasonable care, had either actual or constructive knowledge thereof a sufficient length of time prior to the injury to repair the defect. It is alleged in each paragraph that the defective and unsafe condition of the roof was unknown to the appellee, while it was fully

known to the appellant.    This allegation of knowledge on the part of the appellant embraced not merely actual knowledge, but also constructive knowledge, "which," it is said in *Louisville, etc., R. Co.* v. *Miller.* (1895), 140 Ind. 685, 686, "is that knowledge chargeable to the master from an opportunity, by the exercise of ordinary care, to know." We cannot sustain this objection. See *Evansville, etc., R. Co.* v. *Duel* (1893), 134 Ind. 156; *Heltonville Mfg. Co.* v. *Fields* (1894), 138 Ind. 58; *Lake Erie, etc., R. Co.* v. *McHenry* (1894), 10 Ind. App. 525; *Buehner Chair Co.* v. *Feulner* (1902), 28 Ind. App. 479; *Malott* v. *Sample* (1905), 164 Ind. 645. Each paragraph of the complaint was insufficient.

It is claimed on behalf of the appellee, in effect, that the material facts necessary to a cause under the statute were supplied upon the trial, and that, therefore, the failure to state such facts in the complaint ought not to be taken into account upon appeal. In seeking thus to show that it sufficiently appeared that ten or more men were employed in the mine, counsel have directed attention to various parts of the evidence, from which it is claimed the jury might have found that there were more than ten men employed in the mine on the day of the injury. It is not pretended that the jury did so find specially in their answers to interrogatories, and, whatever would be the proper effect here of such a finding by the jury not within the issue tried, this court has no authority to invade the province of the jury, and to find upon the evidence that there were ten or more men employed in the mine.

Judgment reversed, with instructions to permit the appellee to amend each paragraph of his complaint.

Roby, J., absent.