OAK LEAF MILL COMPANY *v.* SMITH.

Opinion delivered February 20, 1911.

1. MASTER AND SERVANT—DUTY TO FURNISH SAFE PLACE.—The duty resting upon the master to exercise ordinary care to provide his servant a reasonably safe place in which to work is one which cannot be delegated. (Page 37.)

2. SAME—LIABILITY FOR NEGLIGENCE OF VICE PRINCIPAL.—Regardless of the grade of the service and the character of the servant, any one impowered by the master to furnish his servant a safe place in which to work will be held a vice principal in the performance of this duty, and for a failure to perform such duty the master will be liable, in case of a resulting injury, to the same extent as if he had personally been guilty of a breach of duty. (Page 38.)

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; affirmed.

*T. D. Wynne,* for appellant.

The master is required to use ordinary care only to furnish safe and sufficient tools, appliances and instrumentalities with which the servant is to work. 80 Ark. 68; 35 Ark. 602; 46 Ark. 567; Labatt, on Master & Servant, 86. The testimony shows that the plank used was sufficient, in the location where it was placed, for the purpose intended, *i. e.,* to assist the oiler in oiling the machinery. 85 Ark. 60. Wherever the employee's means of information are equal to or greater than those of the employer, the latter is under no duty to give warning and point out defects. 58 Ga. 485; Beach on Contributory Negligence, 517; *Id.* (3 ed.) 53. See also 20 Am. & Eng. Enc. of L. 131; Bailey, Pers. Inj. 262. And where there is no notice to the master of defects and no blame imputable in not discovering them, he is not liable if injury results to the employee. 44 Ark. 529; 28 Vt. 59; 46 Ark. 555. One is not answerable in law for a failure to avert or avoid peril that could not have been foreseen by one in like circumstances, and in the exercise of such care as would be characteristic of a prudent person so situated. 1 Labatt, M. & S. 303; 125 N. Y. 50; 68 Ill. 560; 86 Ark. 289; 35 Ark. 603.

*John C. Ross,* for appellee.

That there was a duty resting upon appellant not only to exercise ordinary care in the construction, but also in the maintenance, of the scaffold where appellee was injured, is primary law. 1 White, Personal Injuries, 315, § 255; 61 S. W. 978. The testimony shows that Turner was appellant's vice principal for the purpose, and having the duty of furnishing all the other employees a safe place to work. 1 White, Personal Injuries, § 246; Wood on Master & Servant, 860; *Id.* 906, § 454; 39 Ark. 17; 44 Ark. 531, 533; 87 Ark. 321, 324; 79 Ark. 437, 441. Appellant

was chargeable with notice of the defect, *i. e.,* the unfastened condition of the plank. 78 Ark. 505, 511.

*T. D. Wynne* and *T. D. Crawford,* for appellant in reply.

The unfastened condition of the board was not the proximate cause of the injury, which was caused by the accident of the slab being thrown by the conveyor, thereby causing appellee to dodge and throw his weight against the board, which slipped. Neither did the fact that his attention was not called to the board's unfastened condition contribute to his injury. The master is not liable where the accident is one that could not have been reasonably foreseen as likely to occur. 93 Ark. 155; 91 Ark. 260; 86 Ark. 289; 90 Tex. 223; 108 Va. 822; 211 Pa. 17; 69 Ill. App. 649; 62 Kan. 727; 124 Fed. 113; 85 N. E. 728; 109 Ill. App. 533; 67 Wis. 616.

McCulloch, C. J. This is an action instituted by B. H. Smith against the Oak Leaf Mill Company, a corporation, to recover damages for injuries sustained by the plaintiff while at work in the defendant's service on December 30, 1908. It is alleged in the complaint that plaintiff was at work as foreman, under the direction of the general manager, and that the defendant had in its employ a millwright and repair man, whose duty it was to keep the machinery and the places where the employees were to work in good repair; that in the construction of the mill defendant put a plank about eight or ten feet in length across the space between two beams, with the ends of the plank resting on the beams, and that the plank was four or five feet above a slab conveyor used in the operation of the machinery, and was about seven feet above the ground; that plaintiff and other employees used this plank by climbing upon it when it became necessary to oil the machinery at that place; that one end of the plank was nailed to the beam on which it rested, but that the other was not nailed or otherwise fastened, and that that end was directly under a trimmer, so that it was kept constantly covered with sawdust at least two inches deep, and that its unfastened condition was not open and apparent so that it could be ordinarily observed. It is further alleged that on the occasion mentioned the yoke on the eccentric box had slipped, so that it could not be made to pull the chain that conveyed the lumber to the trimmer saw, and that the

plaintiff in the discharge of his duty climbed upon the plank to readjust it, and that, while standing there doing this work, a slab, which was crosswise on the conveyor, was about to strike him, and that in dodging the slab the plank on which he was standing slipped, so that he fell four or five feet on to the sharp edge of the slab conveyor, sustaining serious bodily injury.

Negligence of the defendant is alleged in failing to inspect and discover the defective condition of the plank and in not nailing or otherwise fastening the end of the plank. In other words, negligence of the defendant is alleged in failing to exercise ordinary care to provide the plaintiff a reasonably safe place wherein to perform his work.

Defendant in its answer denied the allegations of negligence, and pleaded contributory negligence on the part of the plaintiff and also assumption of risk. The case was submitted to the jury on instructions to which no objections were made, and the jury returned a verdict in plaintiff's favor, assessing damages. The only contention here is that the evidence is not sufficient to sustain the verdict.

It is insisted that, according to the evidence, the plaintiff was the foreman in charge of the work, that it was his duty to make his own working place safe, and that there was no duty resting on the master to make the place safe for him.

There is a sharp conflict in the testimony. Plaintiff and some of his witnesses testified that, though he was the foreman, his duties were limited to those of superintending the work of the men on one of the floors of the mill; that he worked under the direction of the general manager, and that a millwright was employed whose duty it was to keep the machinery and working places in repair. There was abundant evidence tending to show that plaintiff was what the witnesses called a "straw boss," with authority only to direct the work of men under him, and that he had nothing to do with keeping the machinery and mill plant in repair; that this was done by the millwright, under the direction of the general manager.

The testimony adduced by the defendant contradicted this, but the jury has settled that conflict in favor of plaintiff's contention.

Though the plaintiff was a foreman over other employees,

and as to them may be deemed to have occupied the position of vice principal, yet he was a servant of the master, and, regardless of the grade of his service, the master owed him a duty of ordinary care to make his working place reasonably safe unless that fell within the line of his own duty. The duty resting upon the master to exercise ordinary care to provide a reasonably safe place is one which cannot be delegated so as to escape the master's responsibility to a servant to whom the duty is not delegated. *Bryant Lumber Co.* v. *Stastney,* 87 Ark. 321. As said by the author in a recent work on the subject: "Regardless of the grade of the service or the character of the employee, any one empowered by the employer with the duty of performing any of these duties imposed by law upon the employer, in order to protect his employee from injuries, will be held to be a vice principal, in the performance of such duties, and for a failure to perform the duties imposed the employer will be liable, in case of a resulting injury, to the same extent as if he had personally been guilty of a breach of duty." 1 White on Personal Injuries, § 246.

The evidence was sufficient to warrant a finding that it was the duty of the master, through other employees, and not the plaintiff, to make repairs; that the defendant·was guilty of negligence in this respect, and that under the circumstances of the case plaintiff was not guilty of contributory negligence and did not assume the risk of the danger created by the negligence of the other servants to whom the master had delegated the duty of keeping the place in repair. It being conceded that the instructions of the court were correct, it follows that the judgment must be affirmed, and it is so ordered.