KELLY-ATKINSON CONSTRUCTION COMPANY v. LAWRENCE, ADMINISTRATRIX.

[No. 7,851. Filed March 7, 1913. Rehearing denied October 10, 1913. Transfer denied November 18, 1913.]

1. APPEAL.— Review.— Evidence.— Verdict.— In determining the sufficiency of the evidence to sustain a verdict, the court on appeal must consider only the evidence, if any, which supports the verdict, and cast aside all controverting evidence. p. 546.

2. MASTER AND SERVANT.—Injuries to Servant.—Liability.—Evidence.—Although an employe, killed by a girder which fell upon him by reason of the parting of a derrick cable from the

MAY TERM, 1913. 545

Kelly-Atkinson Constr. Co. *v.* Lawrence—54 Ind. 544.

drum, had assisted in rigging up the derrick, where it appeared he had nothing to do with fastening the cable to the drum, nor with the operation of such cable, and had no knowledge of its exact length, and was in no way responsible for the defective clamp which fastened the cable to the drum, the fact that such employe was engaged in giving signals to the engineer for the operation of the derrick, does not relieve the master from liability for failure to furnish a cable of proper length and safely attached to the drum, where it further appears that defendant's superintendent was present giving orders to the men and had himself given the last signal before the accident. p. 546.

3. MASTER AND SERVANT.—*Injuries to Servant.—Duty of Master.—Safe Appliances.*—Although a servant is to a certain extent engaged in directing the work at which he is employed, the master's duty to provide him safe appliances with which to work is not thereby lessened. p. 546.

From Franklin Circuit Court; *George L. Gray,* Judge.

Action by Mary Lawrence, administratrix of the estate of Richard Lawrence, deceased, against the Kelly-Atkinson Construction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed*

*Shope, Zane, Busby & Weber, Bracken & Kidney* and *Zane, Morse, McKinney & McIlvaine,* for appellant.

*David K. Tone, Henry M. Ashton* and *George F. O'Byrne,* for appellee.

IBACH, C. J.—Appellee recovered a judgment in the sum of $6,000 against appellant for its negligence in causing the death of her decedent. The facts in the case are almost identical with those shown by the record in the case of *Kelly-Atkinson Constr. Co.* v. *Munson* (1913), 53 Ind. App. 619, 101 N. E. 510. Both Lawrence and Munson were employes of appellant and were both killed at the same time and in the same manner. The same issues were presented in both cases and the same errors are assigned here. Practically every question argued by appellant in this case was decided by the opinion in the Munson case. The only additional contention presented by appellant in this case is that

the evidence shows that Lawrence rigged up the derrick, and that Lawrence, as subforeman, was in direction of the work at the time he was killed, and that he used the derrick and machinery at the time he was killed, and that he used the derrick and machinery in an improper manner, therefore his own negligence caused his death. The evidence of appellant's witnesses would to a certain extent bear out this contention, but the evidence of appellee's witnesses shows a different state of affairs. If there is any evidence which will support the verdict, we must consider such evidence alone under an assignment that the evidence is insufficient to support the verdict, and must cast aside all controverting evidence.

However, it is shown without contradiction, that although Lawrence did assist in rigging up the derrick, he had nothing whatever to do with fastening the cable to the drum, and it does not appear that he had any knowledge of the character of the fastening. It further appears that he had nothing to do with the operation of the cable on the drum, that he had no knowledge of the exact length of the cable, and that prior to the day of the accident the cable, in all the use made of it, had never been sufficiently unwound from the drum for him to ascertain its length. The evidence in no way tends to show any responsibility on his part for the defective and insufficient clamp which fastened the cable to the drum. It appears that Lawrence was giving *signals* to the engineer shortly prior to the breaking loose of the cable from the drum, but it appears from the testimony of some witnesses that he did not give *orders* to the men, and it is also shown that Beck, the superintendent, was at hand at the time, that he was giving orders to the men, and that Beck himself gave the last signal before the accident. But even if Lawrence was to a certain extent directing the work, that in no wise lessened the master's duty to provide him safe appliances with which to work, and there was an

abundance of evidence from which the jury might conclude that the appellant, through its superintendent, Beck, and whatever other of its representatives were charged with the master's duty of selecting tools and appliances with which the men were to work, was negligent in not furnishing a reasonably safe cable clamp, and in not furnishing a cable long enough for the purposes for which it was expected to be used, and the evidence did not show that Lawrence was charged with any of this responsibility. Upon the authority of *Kelly-Atkinson Constr. Co.* v. *Munson, supra,* the judgment is affirmed.

NOTE.—Reported in 101 N. E. 740. See, also, under (1) 3 Cyc. 348; (2) 26 Cyc. 1196, 1226; (3) 26 Cyc. 1097. As to duty of employer to furnish safe place and appliances, see 77 Am. Dec. 218; 98 Am. St. 289; 97 Am. St. 884.