## SANDALS v. MIZPAH MINING CO.

No. 7821—Opinion Filed Nov. 6, 1917.

(168 Pac. 808.)

1. **Master and Servant — Assumption of Risk—Contributory Negligence — Question for Jury.**

Where there is any competent evidence showing primary negligence upon the part of the master in his failure to furnish a reasonably safe place in which his servant is to work, and the defenses relied upon are contributory negligence and the assumption of risk, it is error for the court to refuse to submit the cause to the jury.

2. **Master and Servant—Servant's Authority—Question for Jury.**

The issues here as to the nature of the plaintiff's employment and the extent of his duty and authority presented questions of fact which should have been submitted to the jury.

3. **Same — Action for Injury — Answer — Statutory Duty of Servant.**

Where the statute directs that a certain employe in a mine shall do certain things, and his failure to perform the duty required of him thereby is relied · upon by the company as a defense to an action for damages brought by him against the company, the answer of the company should allege and show that plaintiff was within the class of persons named and contemplated by the Legislature in the enactment of the act, which the answer here fails to do.

(Syllabus by Hooker, C.)

Error from District Court, Ottawa County; Preston S. Davis, Judge.

Action by W. A. Sandals against the Mizpah Mining Company. Judgment for defendant on sustaining a demurrer to the evidence, and plaintiff brings error. Reversed and remanded for new trial.

F. D. Adams and Waldren & Andrews, for plaintiff in error.

Stanard, Wahl & Ennis, for defendant in error.

Opinion by HOOKER, C. The plaintiff below instituted this action against the company to recover damages for personal injuries which he received while in the employ of the company and engaged in work in a mine then owned and operated by said company; and in the amended petition filed herein it is alleged that on the 9th day of December, 1913, he was in the employ of the company in the capacity of straw boss, and as such it was his duty to oversee the work of the defendant's employes working on the night shift, and that he worked under the direction of the ground boss, who had been placed in charge of the underground operation by the company, and that it was the duty of the company to furnish him a reasonably safe place in which to work and reasonably safe appliances with which to work, but that the company negligently and carelessly failed to do this, in that, in the underground drift in which the plaintiff was employed, the rock was of such formation and character that it was frequently necessary to shoot and tear down the same until the solid roof was reached, in order to prevent the roof and loose earth from falling and injuring the employes working below, or to timber the drift and to support the roof by means of heavy timber · for that purpose, and that on account of the failure of the company here to do these things the drift became and was permitted to remain in a dangerous condition, which facts the company knew, or by the exercise of ordinary care could have known, in time to have supported the roof or to have removed the loose earth, so as to make said place reasonably safe; and it is further alleged that upon the day of the accident here, and a short time prior to the time that plaintiff came upon duty, the company, through its ground boss, caused unusually heavy shots to be fired in the drift, and as a result thereof the roof and pillars in said drift became in a dangerous and unsafe condition, which facts were known to the defendant, and that it was the duty of the defendant in error to have made the same known to the

plaintiff in error, and to have warned him against going under the same, but that it failed to do so, and carelessly and negligently ordered him to go under said drift, and under said dangerous and unsafe roof, to work, and that after he had gone to work, and while in the exercise of ordinary care for his own safety and protection, and without knowledge on his part of the dangerous condition of said roof and drift, a large mass of rock and earth fell from the roof and pillars of the drift, and injured the plaintiff in error in manner and form as stated in the petition, and to recover damages therefor this suit was instituted.

The answer of the company consisted of a general denial and a plea of contributory negligence and the assumption of risks; and it is further asserted by the company that the plaintiff in error was employed by the defendant in error as a foreman, and was working in that capacity at the time he claims to have been injured, and as said mine foreman he had sole charge of the underground drift of said mine, and that by virtue of his employment it was a part of his duty to inspect the walls and roof of the drift to ascertain and determine its safety, and if upon the inspection thereof he determined that said roof should be timbered, to have the same done, and that, if said roof was in such a condition to require trimming in order to prevent rock and dirt from falling, it was his duty to do so, but that he failed to perform his duty in either respect, and as a result of which, the injuries, if any, were caused to him.

Upon the trial of the cause below, the plaintiff in error introduced his evidence, and at the conclusion thereof the trial court sustained a demurrer interposed by the company, and instructed the jury to return a verdict against him and in favor of the company, to which the plaintiff in error excepted, and to reverse which he has appealed here.

It is asserted by the plaintiff in error that by section 6, art. 23, of the Constitution of this state, in an action for negligence, where there is any competent evidence tending to show primary negligence upon the part of the defendant, and where the defense of contributory negligence or assumption of risks is interposed, the issue becomes a question of fact, which shall in all cases be left to the jury for determination. There can be no question about this proposition of law; so, in order to determine whether the trial court erred in sustaining a demurrer to this evidence, we must first ascertain whether the

evidence as introduced, or any reasonable intendment to be drawn therefrom, establishes any primary negligence on the part of the company, or a violation of any duty that it owed at the time in question to the plaintiff in error.

The plaintiff in error contends that it was the duty of the company to use ordinary care to furnish him a reasonably safe place in which to perform his work; that this was an absolute duty, and that a failure upon the part of the company to discharge it constituted primary negligence; that this duty was one personal to the master, which it could not delegate, so as to relieve it from liability. R. I. Coal Co. v. Davis, 44 Okla. 412, 144 Pac. 600. The company asserts that this general rule has no application here, for that it was a part of the duty of the plaintiff in error, and within the line of his employment to see that this place was reasonably safe, and kept so, in order that all of the employes of the mine might have a safe place in which to work. 3 Labatt, Master and Servant, 2392; Attix v. Minn. Sandstone Co., 85 Minn. 142, 88 N. W. 436; Oak Leaf Mill Co. v. Smith, 98 Ark. 34, 135 S. W. 333; Nicholds v. Crystal Plate Glass Co., 126 Mo. 55, 28 S. W. 991; Aken v. Barnet Knitting Co., 118 App. Div. 463, 103 N. Y. Supp. 1078; Viou v. Lumber Co., 99 Minn. 97, 108 N. W. 891, 9 Ann. Cas. 318; Kelly-Atkinson Construction Co. v. Lawrence, 54 Ind. App. 544, 101 N. E. 740.

The serious contention here is as to the facts. As stated, the character of the employment and the extent of the authority vested in the plaintiff in error at the time of the accident seems to be the point at issue. We have carefully read this evidence, and we are of the opinion that the same is such that all men would not reach the same conclusion. Some of the evidence would indicate that the company's theory of the duty and employment of the plaintiff in error was correct, and that he was a foreman in charge of this work, with full authority and charged with the duty of doing all things necessary to make this a reasonably safe place. If that be true, the contention of the defendant in error is correct. However, there is evidence here supporting the theory of the plaintiff in error that he was merely a timekeeper, and that it was the duty of the other employes to look after the safety of said mine, and to remove all obstructions and dangerous elements therefrom, and that it was the duty of the company to furnish him a reasonably safe place in which to work. This evidence, in our judg-

ment, presents a question of fact, which should have gone to the jury under proper instructions of the court; and it was for the jury to say what was the real character and nature of the employment of the plaintiff in error and what was his duty upon this occasion. We think the court committed an error in taking this case from the jury.

It is further asserted by the defendant in error that the plaintiff in error at the time of the accident was a mine foreman, as contemplated by sections 3983 and 3984 of the Revised Laws of 1910, and that, being such, it was his duty to comply with the law as prescribed by these sections and that a failure upon his part so to do constituted negligence, which would preclude a recovery here. These sections of the statute are applicable to mines, as decided by this court in Big Jack Mining Co. v. Parkinson, 41 Okla. 125, 137 Pa. 678; yet it is claimed by the plaintiff in error that the allegations of the pleading here are not sufficient to bring this case within the provisions of this statute, for that the same are applicable only to mines where 10 or more persons are employed on the inside. From an examination of the authority, it would seem that this contention is well taken. 5 Labatt on Master and Servant, page 5812, says:

"A complaint in a statutory action must bring the case within the requirements of the statute, and any omission cannot be supplied by intendment; thus a complaint based on the statute must allege that more than 10 men were employed."

And in Dickason Coal Co. v. Unverferth, 30 Ind. App. 546, 66 N. E. 760, the Appellate Court of Indiana said:

"The want of an allegation in the complaint that there were 10 or more men used in and about such mine is also pointed out as a fatal defect, because the statute in question is only applicable to mines in which 10 men or more are employed. These objections are well taken."

See, also, Zeller Co. v. Vinardi, 42 Ind. App. 232, 85 N. E. 378.

The answer of the company does not bring this mine within the class designated by statute. It should do so, if a violation of the statutory duty upon the part of plaintiff in error is to be relied upon as a defense.

For the reasons above given, this cause is reversed and remanded for a new trial.

By the Court: It is so ordered.